**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>SUSAN L. PERSCHKE,<br><br>     Debtor. | Bankruptcy Case No. 25-12057 CDP<br><br>Chapter 7 |

**ORDER GRANTING MOTION TO WAIVE DEBTOR EDUCATION REQUIREMENT**

  THIS MATTER comes before the Court on the Motion to Waive Debtor Education Requirement (Motion, ECF No. 28) filed by Knut Moe, the Personal Representative of the Estate of Susan L. Perschke. Ms. Perschke filed this Chapter 7 bankruptcy case on April 10, 2025, but as the Motion states, sadly, she passed away post-petition[1] before completing the required post-petition financial management course in order to obtain a bankruptcy discharge. The Personal Representative of Debtor's estate requests the requirement be waived.

  First, the court notes Debtor's death does not abate this Chapter 7 case.[2] "The case continues, as far as possible, as though the death . . . had not occurred."[3]

  Section 727 of the Bankruptcy Code provides the court "shall grant the debtor a discharge, unless . . . after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111, except that this paragraph shall not apply with respect to a debtor who is a person described in section 109(h)(4) . . . ."[4] In turn, a person described in Section 109(h)(4) is a person who is unable to complete the course requirement "because of an incapacity, disability, or active military duty in a military combat zone."[5]

  Given that the District Court has determined the death of a debtor constitutes "incapacity" for purposes of Section 109(h)(4), the court will grant the Motion.[6]

  Accordingly,

---

[1] *See* Suggestion of Death at ECF No. 18.
[2] Fed. R. Bankr. P. 1016.
[3] *Id*.
[4] 11 U.S.C. § 727(a)(11).
[5] 11 U.S.C. § 109(h)(4). Section 109(h)(4) further provides: "incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and 'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required . . . ."
[6] *In re Fogel,* 550 B.R. 532, 537 (D. Colo. 2015) (citations omitted).

IT IS HEREBY ORDERED the Motion is GRANTED.

IT IS FURTHER ORDERED the requirement for Debtor to file a post-petition certification that she took the course in personal financial management is WAIVED and the Clerk may enter the discharge in the event no objections to discharge are timely filed.

BY THE COURT:

*Cathleen D Parker* 7/21/2025

Cathleen D. Parker
United States Bankruptcy Judge

Service to:
    Knut Moe